**J. D. BILLINGSLEY**

v.

Edward H. **BACHINSKAS**, Edward A. Bachinskas, Thomas H. Nation, James R. Daffron, Hal R. Pettigrew and Hal R. Pettigrew Investments, Inc.

**Civ. A. No. 3–76–0744–C.**

United States District Court,
N. D. Texas,
Dallas Division.

March 28, 1978.

W. D. Masterson, Kilgore & Kilgore, Dallas, Tex., for plaintiff.

William M. Jones, Dallas, Tex., for Bachinskas.

Arthur Mitchell and Thos. W. George, Austin, Tex., for Nation.

Tom C. Ingram, Jr., Dallas, Tex., for Daffron.

Cecil W. Casterline, Ray B. Williamson, and Allen Weed, Dallas, Tex., for Pettigrew.

## OPINION

WILLIAM M. TAYLOR, Jr., District Judge.

Plaintiff has moved for an order certifying a class in this cause. The Court is of the opinion that this motion should be denied.

Plaintiff in the last half of 1973 bought interests in fourteen "Joint-Ventures" (limited partnerships) from a corporation named Bachinskas-Nation Investments, Inc. (BNI, hereafter). The defendants are alleged to have been principals in BNI or acting in concert with them. Since that time, BNI has been placed in receivership.[1]

Plaintiff has alleged that four of these investments have since become worthless and are the basis of this suit brought under the provisions of the Securities Exchange Act of 1934.[2]

Plaintiff's principal contention is that various material misrepresentations were made to him with the purpose of inducing him to buy these four interests.

It is elementary that a plaintiff who seeks to represent a class must adequately represent the interests of the class.[3]

Defendants have raised the question of whether Plaintiff's interests are the same as the members of the class.

---

1. *Securities and Exchange Commission v. Bachinskas-Nations Investments, Inc., et al.,* cause number CA 3–74–649–D, in this Court.

2. 15 U.S.C. § 78a et seq.

3. F.R.C.P., Rule 23(a)(3–4).

The Court could not rule definitely on this issue before it could hear all the evidence pertinent to the plaintiff's case, the defendants' case, and the proposed class's case. As plaintiff is asking to be allowed to present both his claims and evidence and the members of the proposed class claims and evidence, he must show that there are no differences in his interests and the interests of the members of the proposed class.[4]

Plaintiff was employed as a salesman for BNI, selling these self-same interests during the period of time that he purchased the four interests. At his deposition, plaintiff admitted that he had sold these same or similar interests to ten other members of the class. Plaintiff could potentially be liable to these ten persons or even the remainder of the class for his participation in the sale of these interests.

Moreover, plaintiff has alleged that these interests are securities as defined under the Securities Exchange Act of 1934 yet upon his deposition stated that when he was a salesman for BNI, he held neither a securities salesman's license nor a real estate salesman's license. These allegations and facts also show that plaintiff and the members of the proposed class may be in an adversary relationship.

Two other facts go against plaintiff's representation of the proposed class.

The first is that plaintiff has included two other salespersons for BNI as proposed members of his class. These two could also be in an adversary relationship to the other members of the class. Second, plaintiff has not sued a Mr. Bill Latham, whom plaintiff identified as the Vice President of Marketing of BNI, plaintiff's immediate superior. Though this fact alone would not raise such a doubt, by itself, as to be grounds to deny the Motion to Certify a Class, it does show that plaintiff, for whatever reasons he may have, has not sued an officer of BNI, whom, from his title alone, it could be inferred that he, the Vice President, could have been a principal in BNI with duties owed to the members of the proposed class under the Securities Exchange Act of 1934.

As has been seen, not only has it not been shown that the claims or defenses of the plaintiff are typical of the class[5] and that he will fairly and adequately protect the interests of the class,[6] it has been shown that plaintiff may have an adversary relationship to at least some members of the proposed class, the proof of which may only be had upon trial of the cause. As the Court must now rule upon the Motion to Certify, not after having heard the evidence that may or may not show a conflict between the interests of plaintiff and the members of the proposed class, it finds and concludes that plaintiff's Motion to Certify a Class must be denied.

---

4. In the instance of the present case, any questions as to whether there must be complete identity of interests, substantial identity of interests or whatever degree of identity of interests should be required need not be specified because of the potential adversary relations of plaintiff and at least some members of the class.

5. F.R.C.P., Rule 23(a)(3).

6. F.R.C.P., Rule 23(a)(4).